UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER SCHLUTER,

    Plaintiff,                                    Civil Action No. 21-CV-10874

vs.                                                HON. BERNARD A. FRIEDMAN

ENCORE REHABILITATION
SERVICES LLC, et al.,

    Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

        This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. As the application makes the required showing of indigence, the Court shall grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

        While pro se complaints are held to "less stringent standards" than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is nonetheless required to dismiss an in forma pauperis complaint if it is frivolous or malicious or if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

        In the present case, the complaint is frivolous and fails to state a claim. Plaintiff brought a nearly identical lawsuit against these same defendants (Encore Rehabilitation Services, LLC, Regional Manager Drita, and Manager Morgan Decker) in 2019. *See Schluter v. Encore*

*Rehab. Servs., LLC*, Civil No. 19-CV-13092 (E.D. Mich.). As in the present case, plaintiff asserted claims in the prior action under the Fair Labor Standards Act ("FLSA") and the Equal Pay Act. The Court dismissed the FLSA claim because plaintiff "does not allege that defendant failed to pay her a minimum wage or for overtime," and it dismissed the Equal Pay Act claim because plaintiff did not allege that she was paid less than similarly situated men. *Id.* (Dec. 17, 2020, Order Dismissing Pl.'s Claims Under the Equal Pay Act and the Fair Labor Standards Act). Simultaneously, the Court entered judgment for defendants. Plaintiff did not appeal that judgment.

The Court's unappealed judgment in the prior action is res judicata as to all claims plaintiff asserted, and all claims she could have asserted, against defendants Encore Rehabilitation Services, LLC, Drita, and Decker. *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020) (noting the doctrine of res judicata "prevents parties from raising issues that could have been raised and decided in a prior action–even if they were not actually litigated"). That is to say, plaintiff is not permitted to refile old claims that she previously raised in a lawsuit that ended in a judgment being entered against her. While plaintiff now claims that defendants underpaid her based on her gender (while previously claiming that they did so based on her race), plaintiff was required to present all of her claims in her first lawsuit. Having failed to do so then, she is barred from doing so now. Plaintiff's complaint therefore lacks an arguable basis in law.

The instant complaint also fails to state a plausible claim under the Equal Pay Act or the FLSA. The entirety of plaintiff's factual allegations are as follows:

> Throughout my entire employment experience, I was an excellent employee who was disparately treated in that male employees, with less experience, education and seniority were paid more than me. The most recent incident occurred on May 3, 2019 when I reported

> to work as usual; half-way through my shift, Regional Manager, Drita (Inu), asked me to meet with her and Morgan Decker, (Manager) and advised me that effective immediately my employment was being changed from full-time to PRN ("pro re nata" which loosely translates to "as needed.").
>
> Based on the foregoing, I believe that I have been unlawfully discriminated against based on my gender, female in violation of the Equal Pay Act of 1963.

Compl. at 7 (PageID.7). The mere fact that plaintiff's status was changed from full-time to PRN does not provide a plausible basis for plaintiff's claim that she was paid less than similarly situated men. Therefore, even if plaintiff's claims were not barred by res judicata, she has plainly failed to state a claim under the Equal Pay Act. Nor has plaintiff stated a claim under the FLSA because, as in the previous lawsuit, she does not allege that defendants failed to pay her a minimum wage and/or for overtime. Accordingly,

IT IS ORDERED that plaintiff's application to proceed in forma pauperis is granted.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to § 1915(e)(2)(B) because it is frivolous (i.e., lacks a basis in law) and fails to state a claim.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: April 27, 2021     SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan